**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**KING MALLORY, SR. and KING**
**MALLORY, SR. on behalf of KING**
**MALLORY, JR.**

            **Plaintiffs,**

-vs-                                                        **Case No. 6:06-cv-864-Orl-UAM**

**COMMISSIONER OF SOCIAL**
**SECURITY,**

            **Defendant.**

## MEMORANDUM OF DECISION

Plaintiffs King Mallory, Sr. and King Mallory, Sr. on behalf of King Mallory, Jr. [collectively "Plaintiffs"] appeal to the district court from a final decision of the Commissioner of Social Security [the "Commissioner"] denying Plaintiffs' appeal of the Commissioner's determination that their Social Security disability benefits had been overpaid. For the reasons set forth below, the Commissioner's decision is **AFFIRMED**.

**I.   PROCEDURAL HISTORY**

On June 5, 1998, the Social Security Administration notified Plaintiffs that their benefits had been overpaid. R.43-50. On August 4, 1998, Plaintiffs disputed the overpayment. R. 41-43. On November 29, 1998, the Social Security Administration again determined that the Plaintiffs' benefits were overpaid. R. 51-66. On December 24, 1998, Plaintiffs again disputed the overpayment. R. 67-

71. On May 27, 1999, the Social Security Administration denied the Plaintiffs' request for reconsideration. R. 72-75.

Plaintiffs requested a hearing before an Administrative Law Judge ("ALJ"). On January 24, 2001, ALJ Henry U. Snavely issued an unfavorable decision. R.124-129. On January 25, 2002, after appeals being filed, the Appeal Council remanded the case to the Administrative Law Judge. R.150-152.

On June 25, 2002, ALJ Chester G. Senf issued a notice of unfavorable decision. R. 183-192. Subsequent to appeals being filed, on June 5, 2003, the Appeals Council again remanded the case to the ALJ. R. 205-208.

On April 7, 2005, ALJ Franklin D. Holder conducted a supplemental hearing. R. 21. On June 24, 2005, ALJ Holder issued a notice of unfavorable decision. R. 18-24. On September 3, 2005, the Appeals Council received from Plaintiffs a letter dated August 31, 2005, which requested review of the ALJ's decision. R. 11, 13-16. On March 2, 2006, the Appeals Council issued a letter notifying Plaintiffs that their request for review was untimely filed and gave them an opportunity to provide a statement showing the reasons for the untimely submission and to submit any evidence that supports their explanation. R. 11-12.

On April 4, 2006, Plaintiffs responded by claiming that they had received the June 24, 2005 notice of unfavorable decision on July 6, 2005. R. 9. Plaintiff claimed that they had filed their request within 60 days of actual receipt, and disputed the finding of untimeliness. R. 9. Plaintiffs submitted no evidence and no other reason for the timing of their response, other than to speculate that their

delay in receipt was due to U.S. Post Office delays.  R. 9-10.  On April 26, 2006, the Appeals Council dismissed Plaintiff's request for review as being untimely.  R. 4-8.

## I.     ANALYSIS

### A.     Standard of Review

The Court reviews Appeals Council's decisions to dismiss a request for review pursuant to an abuse of discretion standard.  *See, Bloodsworth v. Heckler*, 703 F.2d 1233, 1236 (11th Cir. 1983); *Waters v. Massanari*, 184 F. Supp. 2d 1333, 1340 (N.D. Ga. 2001).  Abuse of discretion is shown if the Appeals Council acted arbitrarily or unreasonably.  *Waters*, 184 F. Supp. 2d at 1341.

### B.     Did the Appeals Council Abuse its Discretion?

Plaintiffs make two arguments in support of their claim that the Appeals Council abused its discretion.  First, Plaintiffs argue that their appeal was timely filed.  Second, if the appeal was untimely, it was because the language notifying Plaintiffs of their appeal rights was misleading.[1]  For the reasons stated below, the Court is unpersuaded by either argument.

#### 1.     Plaintiffs' Appeal Was Untimely

In arguing that the appeal was timely filed, Plaintiffs focus on the regulation that provides that the request for review must be filed within sixty days of the date they receive notice of the dismissal of their claim.  20 C.F.R. § 404.968(a)(1).[2]  Plaintiff argue that because they actually received the notice on July 6, 2005, the filing of their appeal on September 3, 2005, was timely.

---

[1] Although the Commissioner argues that the agency did not abuse its discretion in failing to grant an extension of time to Plaintiffs, Plaintiffs do not raise this argument in their brief.  The argument, therefore, has been waived.

[2] Plaintiffs erroneously cite 20 C.F.R. § 404.698, which does not exist, in support of their argument.

-3-

In making this argument, Plaintiffs ignore the definitional section of the regulations. The regulations define "date you receive notice" as "5 days after the date of the notice, unless you can show us that you did not receive it within the 5-day period." 20 C.F.R. § 404.901. Plaintiffs cannot read the regulations in isolation of each other. Reading the regulations together, the Appeals Council correctly concluded that Plaintiffs filing of their appeal was untimely in the absence of a "reasonable showing" that it took more than five days time to receive the notice. See 20 C.F.R. § 422.210(c).

It is apparent that the Appeals Council determined that something more than the claimants' assertion of when they received the notice is needed to meet the "reasonable showing" standard. Examples of "reasonable showings" are when the notice was mailed seven days after its issuance,[3] notice was mailed at Christmas time when mail ordinarily is delayed,[4] or the agency's files show that the claimant never received notice.[5] On numerous occasions, the courts have found that the "reasonable showing" standard cannot be met by the claimant's mere assertion of when notice was received. *See, e.g.*, *McCall v. Bowen*, 832 F.2d 862, 864-65 (5th Cir. 1987) (holding that Appeals Council was entitled to conclude that affidavits of plaintiff and his counsel which claimed that they did not receive notice of Appeals Council's decision until over two months after its mailing were insufficient to rebut presumptive date of receipt); *Leslie v. Bowen*, 695 F. Supp. 504, 506 (D. Kan. 1988) (rejecting plaintiff's uncorroborated claim that he did not receive May 9, 1988 notice until May 23, 1988); *Rouse v. Harris*, 482 F. Supp. 766, 768-69 (D.N.J. 1988) (rejecting claims of plaintiff and

---

[3] *McCall v. Bowen*, 832 F.2d 862, 864 (5th Cir.1987); *Matsibekker v. Heckler*, 738 F.2d 79, 81 (2d Cir. 1984).

[4] *Duran ex rel. Canfield v. Barnhart*, 2003 WL 22176011 *2 (S.D.N.Y. September 23, 2003).

[5] *Gibbs v. Harris*, 501 F.Supp. 124, 125 (D.Md.1980), aff'd, 665 F.2d 1039 (4th Cir. 1981).

her counsel denying receipt of separate notices of Appeals Council's decision absent "a more concrete showing that the plaintiff or her attorney actually did not receive the Secretary's notice within five days" of mailing). The Court finds that the Appeals Council did not act arbitrarily or unreasonably in finding that Plaintiffs failed to show that they received the notice more than five days after mailing.

### 2. **The Plaintiffs Were Not Misled**

Plaintiffs argue that the language of the notice "could be construed as being misleading." Docket 16 at 7. Under the section entitled "Time to File an Appeal," the notice provides:

> a. To file an appeal, you must file your request for review within 60 days from the date you get this notice.
>
> b. The Appeals Council assumes that you got the notice 5 days after the date shown above unless you show that you did not get it within the 5 day period. The Council will dismiss a late request unless you show that you had a good reason for not filing it on time. R. 18.

Plaintiffs argue in their briefs that a lay person "could" interpret this language to mean that if the document was filed within 60 days of actual receipt, it would be timely. Docket 16 at 8.

Initially, the Plaintiffs' response to the Appeals Council as to why their appeal was late does not state that they were actually misled by the notice or confused about their obligations. R. 9-10. It is only in their brief that Plaintiffs make this *post hac* argument. The Court finds the instructions to be clear and not misleading. Indeed, these same instructions were contained in every adverse decision that Plaintiffs received from the agency, and they were able to file timely all of their other appeals. Plaintiffs fail to present any exceptional circumstances and equitable tolling of the time period is not warranted in this case. *See, Wakefield v. R.R. Ret. Bd.*, 131 F.3d 967, 969-70 (11th Cir. 1997).

## CONCLUSION

The Commissioner's decision is **AFFIRMED**. The Clerk is directed to enter a separate judgment in favor of the Commissioner and to close the case.

**DONE** and **ORDERED** in Orlando, Florida on August 13, 2007.

*Donald P. Dietrich*
DONALD P. DIETRICH
UNITED STATES MAGISTRATE JUDGE